UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

MIREYA MUT,

    Plaintiff,

v.

CARNIVAL CORPORATION, a
Panamanian Corporation d/b/a
CARNIVAL CRUISE LINE,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff MIREYA MUT, sues Defendant CARNIVAL CORPORATION, a Panamanian corporation, doing business as CARNIVAL CRUISE LINE, and alleges:

## JURISDICTION, VENUE AND PARTIES

1. This is an action for damages in excess of seventy-five thousand ($75,000.00) dollars, exclusive of interest and costs.

2. Plaintiff MIREYA MUT is sui juris and a U.S. citizen and permanent resident.

3. Defendant CARNIVAL CORPORATION (CARNIVAL) is a Panamanian corporation with its principal place of business in Miami, Miami-Dade County, Florida. At all material times Defendant CARNIVAL CORPORATION has done business under the fictitious name "CARNIVAL CRUISE LINE."

MT08/2022 CARNIVAL CORP.

CASE NO.:

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1333, based on admiralty jurisdiction. The causes of action asserted are maritime torts occurring on navigable waters and implicating traditional maritime activity, specifically the operation of a passenger cruise vessel. The Plaintiff is entitled to a jury trial pursuant to *Leslie v. Carnival Corp.*, 22 So.3d 561, 562 (Fla. 3d DCA 2008).

5. At all material times, Defendant has conducted ongoing substantial and not isolated business activities in Miami-Dade County, Florida, in the Southern District of Florida, so that in personam jurisdiction over the Defendant exists in the United States District Court for the Southern District of Florida.

6. At all material times, the Defendant has engaged in the business of operating maritime cruise vessels for paying passengers, including the Plaintiff.

7. In the operative ticket contract, the Defendant requires fare paying passengers such as the Plaintiff to bring any lawsuit against the Defendant arising out of injuries or events occurring on the cruise voyage in this federal judicial district. Accordingly, venue is proper in this Court as dictated per Defendant's unilateral contract of adhesion.

8. Venue is also proper in this district because the Defendant's principal places of business are located within this district.

9. Plaintiff has complied with all conditions precedent to bringing this action. The Plaintiff reported the accident to the ship's medical crew shortly after it occurred, and an incident report and written medical records were prepared onboard the ship. Furthermore, the Plaintiff gave the Defendant a timely written notice of claim as required

M/V CARNIVAL CORP
CASE NO.:

by the ticket contract.

## **LIABILITY AND DAMAGE ALLEGATIONS COMMON TO ALL COUNTS**

10. At all material times, the Defendant was engaged in the business of operating maritime cruise vessels for fare paying passengers and for this purpose operated, among other vessels, the *M/V Mardi Gras.*

11. At all material times, the Defendant operated, managed, maintained and was in exclusive control of the *M/V Mardi Gras*.

12. At all material times, including the injury date of December 29th, 2021, the Plaintiff was a fare paying passenger aboard the *M/V Mardi Gras* and in that capacity was lawfully present aboard the vessel.

13. On or about December 29th, 2021, while aboard the *M/V Mardi Gras* as a fare paying passenger, the Plaintiff was ascending an interior staircase in the Mardi Gras Theater on Deck 7 for a show. As she attempted to ascend to the open seating, she lost her footing on a dark, inadequately lit step that was not objectively perceivable due to the camouflaging effect of the carpeting which is seen below:



14. As a result, Plaintiff fell forward onto the staircase and thereby sustained serious injuries to her left arm, including but not limited to a displaced fracture of the humerus that required reconstructive surgery to stabilize the bone fragments.

15. At all material times, at the time and place referred to in the preceding paragraph, the Plaintiff traversed an area of the ship that was a high traffic point of sale area so that the Defendant knew or should have known of the presence of the poorly lit step, but failed to undertake reasonable safety measures for passenger safety.

16. The inadequately lit step in the area where the Plaintiff fell was static or had existed for a sufficient period of time before the Plaintiff's fall that the Defendant had actual or constructive knowledge of its presence and an opportunity to correct or warn of it.

17. As an alternative to the allegations in the preceding paragraph, the Defendant at all material times had actual or constructive knowledge of the inadequately lit step in the area where the Plaintiff fell due to the regularly and frequently recurring nature of the hazard.

18. As a direct and proximate result of the fall described above, the Plaintiff was injured in and about her body and extremities, suffered pain there from, sustained mental anguish, disfigurement, disability and the inability to lead a normal life. Furthermore, she sustained loss of earnings and a loss of earning capacity in the past and future, and incurred medical, hospital, and other out of pocket and health care expenses in the past and future as a result of her injuries. These damages are permanent or continuing in their nature and the Plaintiff will continue to sustain and incur these

damages in the future.

## **COUNT I - NEGLIGENT FAILURE TO MAINTAIN**

18. The Plaintiff adopts, realleges and incorporates by reference all allegations of Paragraphs 1 through 17 above and further alleges the following matters.

19. At all material times the Defendant owed the Plaintiff, as a fare paying passenger on board its passenger vessel the *M/V Mardi Gras*, a duty of reasonable care for her safety, including a duty to take reasonable care in maintaining its vessel so as to ameliorate, correct or avoid conditions creating a risk of harm for passengers.

20. At all material times, the *M/V Mardi Gras* contained a condition creating a risk of harm to passengers to-wit: the inadequately lit step(s) of the stairs in the Mardi Gras Theater located forward on Deck 7 as described and depicted in Paragraph 13 above. This inadequately lit step created a risk to individuals descending the steps, specifically the risk that they would lose their footing and fall as the Plaintiff did.

21. At all material times, the Defendant knew or should in the exercise of reasonable care have known the inadequately lit step described in the preceding paragraph and Paragraph 13, due to the length of time the condition had existed, prior similar incidents, the recurring or static nature of the condition, or other sources of knowledge, and therefore had actual or constructive notice of it.

22. Notwithstanding its actual or constructive notice of the risk creating condition on the inadequately lit step, as described in the preceding two paragraphs, the Defendant failed at all material times to take adequate measures to inspect steps for risk

creating conditions and to correct them once detected, and thus failed to exercise reasonable care in maintaining its vessel. The Defendant was thereby negligent.

23. As a direct and proximate result of the Defendant's negligent maintenance of its vessel as described above, the Plaintiff fell as described in Paragraph 13 above and as a proximate result has sustained and will continue in the future to sustain the damages alleged in Paragraph 17 above.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant for compensatory damages and the costs of this action.

## COUNT II – GENERAL NEGLIGENCE

24. The Plaintiff adopts, realleges and incorporates by reference all allegations of Paragraphs 1 through 17 above and further alleges the following matters.

25. At all material times the Defendant owed the Plaintiff, as a fare paying passenger on board its passenger vessel the *M/V Mardi Gras*, a duty of reasonable care for her safety, including a duty to take reasonable care operating the vessel so as to ameliorate, correct or avoid conditions creating a risk of harm for passengers.

26. At all material times, the *M/V Mardi Gras* contained a condition creating a risk of harm to passengers, to-wit: the inadequately lit step(s) of the stairs in the Mardi Gras Theater located forward on Deck 7 as described and depicted in Paragraph 13 above. This inadequately lit step created a risk to individuals descending the steps, specifically the risk that they would lose their footing and fall as the Plaintiff did.

27. At all material times, the Defendant knew or should in the exercise of

reasonable care have known the inadequately lit step described in the preceding paragraph and Paragraph 13, due to the length of time the condition had existed, prior similar incidents, the recurring or static nature of the condition, or other sources of knowledge, and therefore had actual or constructive notice of it.

28. Notwithstanding its actual or constructive notice of the risk creating condition on the inadequately lit step, as described in the preceding two paragraphs, the Defendant failed at all material times to take adequate measures to ensure the staircases had adequate lighting and to monitor lighting levels to avoid risk-creating conditions and to correct them once detected, and thus failed to exercise reasonable care in operating its vessel. The Defendant was thereby negligent.

29. As a direct and proximate result of the Defendant's negligent maintenance of its vessel as described above, the Plaintiff fell as described in Paragraph 13 above and as a proximate result has sustained and will continue in the future to sustain the damages alleged in Paragraph 17 above.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant for compensatory damages and the costs of this action.

## COUNT III - NEGLIGENT FAILURE TO WARN

30. The Plaintiff adopts, realleges and incorporates by reference all allegations of Paragraphs 1 through 17 above and further alleges the following matters.

31. At all material times the Defendant owed the Plaintiff, as a fare paying passenger on board its passenger vessel the *M/V Mardi Gras*, a duty of reasonable care for

CASE No.:

her safety, including a duty to take reasonable care in warning passengers including the Plaintiff adequately of onboard conditions creating a risk of harm to them.

32. At all material times, the *M/V Mardi Gras* contained a condition creating a risk of harm to passengers, to-wit: the inadequately lit step(s) of the stairs in the Mardi Gras Theater located forward on Deck 7 as described and depicted in Paragraph 13 above. This inadequately lit step created a risk to individuals descending the steps, specifically the risk that they would lose their footing and fall as the Plaintiff did.

33. At all material times, the Defendant knew or should in the exercise of reasonable care have known about the inadequately lit step described in the preceding paragraph and Paragraph 13, due to the length of time the condition had existed, prior similar incidents, the recurring or static nature of the condition, or other sources of knowledge, and therefore had actual or constructive notice of it.

34. Notwithstanding its actual or constructive notice of the risk creating condition on the inadequately lit step, as described in the preceding two paragraphs, the Defendant failed at all material times to take adequate measures to warn passengers, including the Plaintiff, of the inadequately lit and camouflaged step described in and seen in Paragraph 13, including failures to provide adequate warning signage, caution cones,, ushers, or oral or written warnings or notices of the condition. The Defendant was thereby negligent.

35. As a direct and proximate result of the Defendant's negligent failure to warn described above, the Plaintiff lost her footing and fell as described in Paragraph 13 above and as a proximate result has sustained and will continue in the future to sustain

CASE NO.:

the damages alleged in Paragraph 17 above.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant for compensatory damages and the costs of this action.

## COUNT IV - NEGLIGENT DESIGN

36. The Plaintiff adopts, realleges and incorporates by reference all allegations of Paragraphs 1 through 17 above and further alleges the following matters.

37. At all material times the Defendant owed the Plaintiff, as a fare paying passenger on board its passenger vessel the *M/V Mardi Gras*, a duty of reasonable care for her safety, including a duty to take reasonable care in designing staircases and the carpeting thereon so as to alert pedestrians to the steps presence as described in Paragraph 13 above.

38. At all material times, the *M/V Mardi Gras* contained a condition creating a risk of harm to passengers, to-wit: the inadequately lit step(s) of the stairs in the Mardi Gras Theater located forward on Deck 7 as described and depicted in Paragraph 13 above. This inadequately lit step created a risk to individuals descending the steps, specifically the risk that they would lose their footing and fall as the Plaintiff did.

39. At all material times, Carnival actively participated in the design of the subject vessel and the dry dock modifications and refurbishments that were conducted periodically since then.

40. Carnival had a contractual right to be involved in the design and construction of the vessel with the shipyard and the subsequent dry dock modifications

and refurbishments thereafter.

41.     Carnival had an employee or agent present at the shipyard throughout the construction and during the subsequent dry dock modifications and refurbishments of the vessel to approve, inspect, modify, and supervise the design and construction of the vessel at all material times.

42.     At all material times the steps on the Defendant's vessels interior staircases fleet-wide or class-wide exposed pedestrians to the dangers described in Paragraph 13 above, due to the Defendant's participation in the design of the steps and carpeting thereon.

43.     At all material times, the Defendant knew or should in the exercise of reasonable care have known about the propensity of the step to be camouflaged by the dark carpeting under the dim lighting of the theater as described in Paragraph 13, due to the recurring or static nature of lighting conditions, the dark carpeting, applicable industry standards, or other sources of knowledge and therefore had actual or constructive notice of this propensity.

44.     Notwithstanding its actual or constructive notice of the propensity of its onboard steps to be camouflaged as described in Paragraph 13 above, the Defendant failed at all material times to modify the design of its onboard steps, carpeting, or both so as to correct or ameliorate this risk creating condition and was thereby negligent.

45.     As a direct and proximate result of the Defendant's negligent design of the staircases to the stadium seating in the Mardi Gras Theater located forward on Deck 7 on the *M/V Mardi Gras,* the carpeting thereon, or both, the camouflaged steps described in

Paragraph 13 was an unreasonably dangerous condition that developed and continued to exist at the time of the Plaintiff's fall described in Paragraph 13.

46. As a further direct and proximate result of the Defendant's negligent design of the staircases to the stadium seating in the Mardi Gras Theater located forward on Deck 7 on the *M/V Mardi Gras,* the carpeting thereon, or both, the Plaintiff lost her footing on the camouflaged step and fell as described in Paragraph 13 above, and thereby has sustained and will continue in the future to sustain the damages described in paragraph 17 above.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant for compensatory damages and the costs of this action.

## DEMAND FOR JURY TRIAL

The Plaintiff hereby demands trial by jury of all issues so triable as of right.

**Dated:** **July 8th, 2022**
**Miami, Florida**

**Respectfully submitted,**

BY: _____
RAUL G. DELGADO II, ESQ.
Florida Bar No. 094004
raul@cruiselawyermiami.com
filing@cruiselawyermiami.com
DELGADO TRIAL ATTORNEYS
*Attorneys for Plaintiff*
10631 N. Kendall Drive, Suite 130
Miami, FL 33176
Ph:          (305) 596-7911
Toll Free:   1(877) 372-0817

MUB v. Carnival Corp.
Case No.:

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 8th, 2022, I electronically filed a true and correct copy of the foregoing with the Clerk of the Court using CM/ECF.

BY: _____
Raul G. Delgado II, Esq.

MUT v. CARNIVAL CORP.
CASE NO.:

## SERVICE LIST

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

MIREYA MUT,
Plaintiff

v.

CARNIVAL CORPORATION, a Panamanian Corporation
d/b/a CARNIVAL CRUISE LINE,
Defendant.

| |  |
|---|---|
| **Raul G. Delgado II, Esq.**<br>Florida Bar No. 094004<br>raul@cruiselawyermiami.com<br>heidi@cruiselawyermiami.com<br>filing@cruiselawyermiami.com<br>**DELGADO TRIAL ATTORNEYS**<br>*Attorneys for Plaintiff*<br>10631 N. Kendall Drive, Suite 130<br>Miami, Florida 33176<br>Telephone:       (305) 596-7911<br>Toll free & Fax: 1 (877) 372-0817 | |